[No. 2842. Dec. 13, 1924]

## STATE v. BOND-DILLON CO.

### SYLLABUS BY THE COURT

Chapter 133, Laws 1921, **held** to afford no relief to a taxpayer from overvaluation of his property, where the valuation by the taxing officers had become final prior to the time the act went into effect.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by the State against the Bond-Dillon Company and the personal property of such company, described in delinquent tax list of Bernalillo County for the year 1919. Judgment for defendant, and plaintiff appeals. Reversed and remanded, with directions.

John Venable, of Albuquerque, for the State.

Lawrence F. Lee, of Albuquerque, for appellee.

### OPINION OF THE COURT

PARKER, C. J. This is an action for taxes for the year 1919, resulting in a judgment for appellee, from which judgment the state has appealed. The complaint, filed September 28, 1921, alleges that for the year 1919 there were taxes legally assessed and levied against the appellee in the sum of $5,605.20, of which appellee paid $4,000, leaving a balance of $1,605.20, which, together with interest, penalties, and costs, down to the time of filing the complaint, aggregated a sum of $2,085.55, which appellee failed and refused to pay. Appellee answered, admitting all of the allegations of the complaint except the legality of the levy, and the amount claimed to be due, which it denied. Appellee further answered and, by way of new matter, alleged that in the year 1919 it had owned personal property of the value of $100,000; that it duly returned said property for taxation in Bernalillo county, and that, the same having been assessed by the assessor and board of county commissioners at an unsatisfactory valuation, it took an appeal to the state tax commission, resulting in a valuation of the property at $139,000; that said valuation was greatly in excess of the true valuation of said property, and was discriminatory, oppressive, and in its nature confiscatory and unauthorized by law; that said property was not equally and uniformly assessed in proportion to its value as compared with other property; that appellee was discriminated against, in that its property was valued at $39,000 above its true value, and in that it was the uniform and established practice to value property of the kind owned by appellee at not to exceed 70 per cent, of its value,

citing numerous instances of other taxpayers whose property was so valued for taxation; that appellee paid the $4,000 taxes upon its property valued at $100,000, which was its true value, as conceded by it. A demurrer was interposed to the answer, and, it being overruled, appellant replied, denying the excessive valuation of the property, and denying the discriminatory character of the assessment, and denying the allegations of the answer relating to the alleged practice of valuing property at not to exceed 70 per cent. of its value. The parties stipulated in the court below and likewise in this court, that the evidence as it appears in the transcript in the case of Bond-Dillon Co. v. Matson et al., reported in 27 N. M. 85, 196 P. 323, should be considered as the evidence upon which the trial was had.

1. Since this case was argued and submitted, we have handed down an opinion in the case of State v. Persons, etc., 29 N. M. 654, 226 P. 886. The facts in that case are identical with the facts in this case, and the opinion is controlling here. In that case we pointed out that, prior to the passage of chapter 133, Laws 1921, there was no power in the courts to relieve a taxpayer from overvaluation of his property where the question had been submitted to the tax officers of the state, and they had found against him. We likewise interpreted the act of 1921, and concluded that, where valuations had become fixed and final prior to the time when that act went into effect, the act afforded the taxpayer no relief. It seems to us to be rather a harsh and unjust result in this case to say that, simply because the tax had become final before the act went into effect, no relief can be afforded the taxpayer while, under the same circumstances, if the tax had become fixed and final just subsequent to the act, relief could be afforded. We are nevertheless bound by the letter of the act, and must obey it.

In this connection we are not unmindful of the doctrine that discrimination in taxation may be a violation of the Fourteenth Amendment of the Constitu-

tion of the United States, as was held in Sioux City Bridge Co. v. Dakota County, 260 U· M. 441, 43 S. Ct. 190, 67 L. Ed. 340, 28 A. L. R. 979. But, as pointed out in that case, the discrimination must be the result of intentional wrong, rather than an honest mistake of judgment, in order to be available, independent of enabling statutes authorizing appeal to the courts, In this case there is no evidence in the record of intentional wrong on the part of the taxing officers, the evidence being devoted entirely to the question of actual value of the property.

It follows that the judgment of the district court was erroneous and should be reversed, and the cause remanded, with directions to set aside the judgment and enter judgment in favor of the appellant for the amount of the taxes, interests, costs, and penalties due; and it is so ordered.

BOTTS and FORT, JJ., concur.