[Nos. 2923, 2924. May 9, 1925.]

STATE v. STATE INV. CO. et al.

SAME v. BOARD OF TRUSTEES OF ANTON CHICO LAND GRANT, et al.

(On Rehearing Oct. 7, 1925.)

### SYLLABUS BY THE COURT

1. Section 1863, Code 1915, authorizes district attorneys to compromise and settle tax suits.

2. The powers conferred by Section 1863, Code 1915, are not restrained by section 32 of article 4 of the state Constitution, in case of tax suits.

3. Various sections of the statutes examined, and held to authorize such proceedings in court as are contemplated by section 32 of article 4 of the state Constitution.

Appeal from District Court, Guadalupe County; Leahy, Judge.

Suits by the State of New Mexico against the State Investment Company and others, and against the Board of Trustees of the Anton Chico Land Grant and another, tried together. From judgments for defendants, the State appeals. Affirmed and remanded, with directions.

Milton J. Helmick, Atty. Gen., and Fleming & Neal, of Santa Rosa, for the State.

O. O. Askren, of East Las Vegas, and E. R. Wright, of Santa Fe, for appellees.

## OPINION OF THE COURT

PARKER, C. J.   An action was brought by the state of New Mexico, in Guadalupe county, against the board of trustees of the Anton Chico land grant, for taxes upon the Anton Chico grant, in which judgment was sought for $138,510.89.   The complaint set up the amount of taxes claimed to be due for the years 1905 to 1918, inclusive.   No answer was filed by the defendant.   A stipulation, however, was entered into by C. W. G. Ward, district attorney, and Luis E. Armijo, special counsel for the state tax commission, as attorneys for the state, and by S. B. Davis, Jr., attorney for the defendant.   In this stipulation it was agreed that $500 was the amount due and owing from the defendant to the plaintiff as taxes for each of the years 1905 to 1915, inclusive, and $4,000 for the year 1916, and $5,000 for the year 1917, and $5,500 for the year 1918—making a total of $20,000.   It was further stipulated and agreed that judgment might be rendered in said cause against the defendant for the said sum plus 10 per cent., making a total of $22,000, which said amount should be adjudged by the court as the full amount due on account of taxes due on said property for said years.   A judgment was thereupon entered in pursuance of said stipulation, finding the above amounts due the plaintiff for and on account of said taxes and establishing the same as a lien upon defendant's property, and providing for the sale of said property to satisfy said lien and taxes.   Said judgment was made and entered March 9, 1920, and the said cause was numbered 1167.

Thereafter, on June 1, 1923, there was filed in said court the complaint of the State of New Mexico v. Board of Trustees of the Anton Chico Land Grant, said cause being numbered 1517 upon the docket of said court, in which was alleged the recovery of the former judgment of March 9, 1920, in said cause No. 1167.   The complaint further alleged that for the year 1919 there was assessed and levied against the defendant and the said lands taxes amounting to $5,761.56, for the year 1920, the sum of $7,220.73, and

for the year 1921, the sum of $2,518.56, and that no part of said taxes had been paid. The complaint in this action was signed by the district attorney and by special counsel for the state tax commission. An answer was filed by the defendant, denying all the allegations of the complaint except that it was the owner of the land described in said complaint, which allegation was admitted. Thereafter there was filed a stipulation, signed by counsel for the state and for the defendant, stipulating and agreeing that the defendant was liable for taxes as follows: For the years 1919 to 1921, inclusive, the sum of $1,200 per year. In pursuance of said stipulation, the district court entered judgment for the state against the defendant for $1,200 for each of three years 1919 to 1921, inclusive, and the further sum of $120 for the fees of the state tax commission, which judgment was dated January 17, 1923.

On June 1, 1923, there was also filed in said court the complaint of the State of New Mexico against the State Investment Company, a corporation, S. B. Davis, Jr., and Ruby J. Spiess as defendants, in cause No. 1518. This complaint sets out the recovery of the judgment of March 9, 1920, in cause 1167, for the sum of $22,000, and alleges that the defendants, the State Investment Company et al., are properly chargeable with $9,000 of said judgment, on account of their ownership of a portion of the lands upon which the $22,000 had been adjudged a lien in cause 1167. For a second cause of action, plaintiff alleged that there had been levied against the defendants Davis and Spiess taxes for the year 1919 amounting to $2,484.87, and for the year 1920, taxes amounting to $4,607.59, and for the year 1921, taxes amounting to $6,021.79. The complaint alleged that the State Investment Company claimed some right, title, or interest in the land and real estate. The plaintiff prayed for judgment against all of the defendants in the sum of $13,114.25, and that said sum might be decreed to be a lien against all of the lands described in the complaint, and for sale thereof to satisfy said taxes and lien. The com-

plaint was signed by the district attorney and by special counsel for the state tax commission. No answer was filed in this case. However, on June 1 there was filed in the cause a stipulation, signed by the district attorney and special counsel for the state tax commission in behalf of the state, and by S. B. Davis, Jr., counsel for the defendants, which said stipulation provided that there was due the plaintiff for taxes from the defendants, for each of the years 1919 to 1921, inclusive, the sum of $2,500, and that judgment might be rendered against the State Investment Company, the holder of the legal title to said lands, in the sum of $7,500, that said amount should bear interest at the rate of 6 per cent. per annum, and that if not paid within 90 days from the date of the stipulation, execution should issue. In pursuance of said stipulation, a judgment, dated January 17, 1923, was, on the said June 1, 1923, made and entered by the court in behalf of the plaintiff, and against the defendant, the State Investment Company, on account of said taxes, in the sum of $7,500, together with $250 fees for the state tax commission, together with interest, and providing for execution if the judgment be not paid within 90 days from date.

Thereafter two actions were commenced in the district court of Guadalupe county, numbered, respectively, 1525 and 1526 upon the docket of said court, which said causes are now here on appeal, and are numbered 2923 and 2924, respectively, upon the docket of this court. The complaints in each of said actions were filed July 16, 1923.

In the first of those actions, No. 2923, it is alleged that on the 17th day of January, 1923, judgment was rendered in the said cause No. 1518, that thereafter, on June 1, 1923, the complaint in said action was filed, and that on said day, there was filed a stipulation, which said stipulation has been heretofore referred to. It is thereupon alleged that said judgment of said court was void and of no effect, but that the same constituted a cloud upon the right of the plaintiff to collect from

the defendants its lawful taxes for the years 1919 to 1921, inclusive. It is further alleged that said judgment is void for the following reasons, to wit: That said judgment was made and rendered without jurisdiction or authority, in that, at the time of the rendition of the judgment, there had not been filed in the office of the clerk any complaint, and that, at the time of the rendition of said judgment, no cause of action was pending in which a judgment of any kind or character could be rendered, and that said judgment was. rendered and entered without the introduction of any evidence, and for a sum less than the amount shown to be due the state by the assessment rolls of Guadalupe county; that the amount sued for and set forth in said complaint was for a less sum than the sum due and payable to the state, and was not sufficient to give the court jurisdiction to hear and determine the matters therein stated, and that the court never obtained jurisdiction to render the judgment; that said judgment shows on its face to have been rendered and entered by consent, and upon a written stipulation filed in the cause by the district attorney and special counsel for the state tax commission; and that they were wholly without authority to enter into such stipulation or in any way to give consent of the state to the entry of such judgment; and that the pleadings were insufficient to confer jurisdiction upon the court over the subject-matter or to render the judgment; and that, at the time of the rendition of said judgment, and during all the years 1919 to 1922, inclusive, the defendants were the owners, and taxes were lawfully and legally assessed against the lands, describing the same. The plaintiff prayed that the said judgment be set aside and declared void, and for general relief. As a second cause of action, the plaintiff set up the amount of taxes levied and assessed upon the property for the year 1919, and prayed judgment for the same. For a third cause of action, the complaint set up the amount of taxes due for the year 1920, and prayed judgment for the same. The fourth cause of action was pleaded

in the same form for the taxes for the year 1921. The fifth cause of action is in the same form for taxes for the year 1922. All of said taxes are alleged to amount to the sum of $35,411.80.

In the second case, No. 2924 on the docket of this court, the plaintiff sets up the judgment in cause No. 1167, heretofore referred to, and alleges that the judgment is void and of no effect, but that it constitutes a cloud upon the right of the plaintiff to collect its lawful taxes for the years covered by said judgment, and that said judgment is void for the following reasons: That the complaint was insufficient to give jurisdiction of the subject-matter of said suit, for the reason that said complaint does not include all of the taxes and penalties lawfully assessed and levied against the defendant upon the real estate owned by the defendant; that the judgment is void for the further reason that the judgment entered is not responsive to the pleadings in the cause filed, there being no answer and no issue between the parties for the court to determine, and that the court had no power to render any judgment, under said pleadings, except for the amount prayed for in the complaint; that the judgment is void because the same was entered and rendered without proof having been introduced showing the lawful amount of taxes upon the property; that the court was without authority to render any judgment except for the amount of taxes, interest, and penalties which had been assessed and levied against the defendant for the years 1905 to 1918, inclusive, as the same was shown by the assessment rolls of the county; that said judgment is void for the further reason that it shows on its face that it was rendered upon and by authority of the stipulation, heretofore referred to; and that the district attorney and the special counsel of the state tax commission were each wholly without authority to make and enter into any such stipulation, and were wholly without authority to remit, decrease, diminish, or lessen, by stipulation or otherwise, the claims of the state for its taxes, penalties, and interest; and that the pleadings in said cause were not sufficient to

confer jurisdiction of the subject-matter upon the court. Plaintiff prayed that the said judgment be vacated and set aside, and for general equitable relief. The second to the fifteenth causes of action, inclusive, are for the recovery of taxes for the years 1905 to 1918, inclusive. The sixteenth cause of action is identical with the first cause of action pleaded in No. 2923, hereinabove mentioned, except that the defendant is the board of trustees of the Anton Chico land grant, but the allegations of fact and the reasons assigned why the judgment should be vacated are the same as those in No. 2923. Plaintiff prayed that the judgment be set aside and vacated, and for general equitable relief. The seventeenth to the twentieth causes of action, inclusive, are to recover taxes for the years 1919 to 1922 inclusive.

Demurrers were filed in each of these cases, and sustained by the court, and, the plaintiff electing not to plead further, the complaints were dismissed, and from those judgments appeals were taken to this court. In No. 2923, the demurrer to the first cause of action which, as before seen, is an action to vacate and set aside the former judgment of the court, is based upon the proposition that it fails to state facts sufficient to constitute a cause of action, in that it appears from the facts stated that the district attorney and the special counsel for the state tax commission had full and complete authority to execute the stipulation upon which the judgment in cause No. 1518 was rendered, and that the complaint fails to allege facts showing either mistake, fraud, misrepresentation, or lack of authority of said district attorney and said special counsel of the state tax commission, and that the plaintiff is shown by the facts pleaded to be estopped to claim or contend that the judgment in cause No. 1518 should be vacated and set aside. The demurrer to the second, third, and fourth causes of action sets up that it appears upon the face of the complaint that all the matters and things set up therein, and all the relief prayed for therein, have been fully adjudicated in said cause 1518, and the estoppel is

more fully pointed out in succeeding paragraphs of the demurrer in somewhat different form. The demurrer is further directed to the complaint as a whole, in that there is a misjoinder of causes of action; the first cause of action being a suit in equity to vacate and set aside the judgment, and the second, third and fourth causes of action being suits at law to collect taxes. The demurrer likewise goes to the fifth cause of action, upon the ground that the first cause of action is a suit in equity to set aside a judgment, and the fifth cause of action is an action at law for the collection of taxes for 1922.

In No. 2924, the demurrer is to the same effect as to the first cause of action, which is directed against cause No. 1167 on the docket of the district court, and points out that the plaintiff is estopped by the facts shown in the complaint to question said judgment in cause No. 1167, and that it appears that the district attorney and the special counsel for the state tax commission had full and complete power to enter into the stipulation upon which judgment was based. The demurrer further points out that said judgment under the facts pleaded, is res adjudicata between the parties, and that the plaintiff is barred and estopped from maintaining the second, third, fourth and fifth causes of action, and that it appears from the face of the complaint that said causes of action are based upon taxes levied and assessed for years prior to January 1, 1910, the demurrer points out that it appears upon the face of the complaint that causes of action 7 to 15, inclusive, have been heretofore adjudicated in said cause 1167, and are res adjudicata between the parties. The demurrer to the sixteenth cause of action is the same, in substance and effect, as is interposed to the first cause of action. The demurrer to the seventeenth, eighteenth, and nineteenth causes of action is to the effect that the facts pleaded show that these causes have heretofore been fully adjudicated in cause No. 1517, which judgment remains still in full force and effect, and that the matters therein adjudicated are res adjudicata between the parties, and that the

plaintiff is barred and estopped from maintaining these causes of action. The demurrer then goes to the complaint as a whole and is to the effect that there is a misjoinder of the first and sixteenth causes of action, with causes Nos. 2 to 15, inclusive, and 17 to 19, inclusive; the former being suits in equity to vacate judgments, and the latter being suits at law for taxes. The demurrer further points out that there is a misjoinder of causes of action; the first and sixteenth causes being united with the twentieth cause of action, which is likewise an action for the collection of the 1922 taxes.

[1] 1. The question arising out of this mass of allegation in the record is whether the district attorney and the special counsel for the state tax commission have power to compromise and settle a tax suit, and to consent to a judgment for less than is shown by the tax rolls to be due from a taxpayer, and thus bind the state. If this question be answered in the affirmative, the whole controversy is settled in favor of the validity of the judgments. The authority under which the district attorney evidently acted is section 1863, Code 1915, which is as follows:

"The Attorney General and district attorneys of the state in their respective districts, when any civil proceedings may be pending in their respective districts, in the district court, in which the state or any county may be a party, whether the same be an ordinary suit, scire facias proceedings, proceedings growing out of any criminal prosecution, or otherwise shall have power to compromise or settle said suit or proceedings, or grant a release or enter satisfaction in whole, or in part, of any claim or judgment in the name of the state or county, or dismiss the same, or take any other steps or proceedings therein which to him may appear proper and right; and all such civil suits and proceedings shall be entirely under the management and control of the said Attorney General or district attorneys, and all compromises, releases and satisfactions heretofore made or entered into by said officers are hereby confirmed and ratified."

This statute was enacted in 1876, and has been the law ever since, and was carried forward into the Code as section 1863. A simple reading of the act shows that it authorizes the action taken in these cases. It governs all civil proceedings ''whether the same be

an ordinary suit * * * or otherwise.'' It is a matter of common knowledge that for years district attorneys have acted under it, just as was done in these cases. It is clear, therefore, that, unless restrained by some other provisions of law, the district attorney and special attorney for the tax commission were within their powers in making the stipulation for these judgments, and if so, the state is bound.

This view is strengthened by reference to the history of the legislation in this connection. As before seen, section 1863, Code 1915, was enacted in 1876. By chapter 88, Laws 1889, the powers of the Attorney General and district attorneys were restrained to the extent that the consent of the auditor of public accounts should be first obtained before such compromises might be made. By chapter 22, Laws 1899, however, which is strictly a tax statute, chapter 88, Laws 1889, is expressly repealed, thus restoring section 1863, Code 1915, to its original scope and effect. This is clearly a legislative interpretation of section 1863, to the effect that it applies to tax proceedings.

[2] 2. It is strenuously argued by counsel for the appellant, however, that this power conferred by this statute is restrained by section 32 of article 4 of the State Constitution, which is as follows:

"No obligation or liability of any person, association or corporation, held or owned by or owing to the state, or any municipal corporation therein, shall ever be exchanged, transferred, remitted, released, postponed, or in any way diminished by the Legislature, nor shall any such obligation or liability be extinguished except by the payment thereof into the proper treasury, or by proper proceeding in court."

It is to be observed that the first clause is a restriction on the Legislature itself, and not upon taxing officers. The latter part of the act provides two methods of extinguishment of the obligation or liability— one, payment; and, the other, a proper proceeding in court.

[3] 3. It is argued, however, that in cause No. 1167 there was no proper proceeding in court, on account of restrictions in the statutes at that time. In this,

counsel is clearly in error.  The legislation is as follows: Section 5509, Code 1915, an old statute, which gives power to district attorneys and others to bring separate tax suits where the amount of taxes exceeds $100.  The next provision is section 4 of chapter 80, Laws 1917, which while it contemplates the issuance of summons in the general tax suit, recognizes the power of counsel for the state to pursue taxpayers individually, and obtain judgments against them.  The next provisions are sections 2 and 3 of chapter 102, Laws 1919, which would seem to settle the whole matter.  These provisions were in force when cause No. 1167 went to judgment.  They give express authority to the district attorneys and special counsel for the state tax commission to bring separate tax suits against individuals for any number of years, or to join any number of taxpayers in the same proceeding.  It follows that cause No. 1167 was a legal proceeding in court within the constitutional requirement, and, the attorneys for the state having the power to compromise and settle the claim, the judgment is valid and binding on the parties.

At the time of the entry of the judgments in causes 1517 and 1518, on June 1, 1923, the Tax Code (chapter 133, Laws 1921) was in effect and controlling and in section 448 of that act the express power to bring separate tax suits in cases where the tax exceeds $100 is granted in almost the same language as in the act of 1919, and section 5509, Code 1915.  These two judgments were therefor likewise valid and binding,

In connection with all of these judgments, it is to be noted that there is no allegation of fraud, misrepresentation, or mistake.  These stipulations, so far as appears from the record, were entered into in the utmost good faith by the counsel for the state.  Just what moved their discretion does not appear, but, in the absence of allegation to the contrary, it is to be presumed to be based upon sufficient and proper facts. Much is said in the brief about the judgments in 1517 and 1518 being dated January 17, and the complaints

and stipulations being dated and filed on June 1, 1923. This was clearly an error, as the judgments refer to the stipulations, and are based upon them, and the record does not in fact show that they were filed and entered prior to the filing of the complaints and stipulations. It is also contended that some of these judgments are void, because no answer tendering issues was filed. We fail to appreciate the argument. If a proper complaint was filed, it was sufficient to support a judgment consented to by the parties.

There is nothing in our recent decisions which antagonizes this conclusion. See Bond-Dillon Co. v. Matson, 27 N. M. 85, 196 P. 323; State v. Persons, etc., 29 N. M. 654, 226 P. 886; W. S. Land & Cattle Co. v. McBridge, 28 N. M. 437, 214 P. 576; State v. Bond-Dillon Co., 30 N. M. 267, 231 P. 701. In all of these cases, the state was resisting the reduction of the taxes, while, in the present case, the state, through its proper legal representatives, and for reasons apparently sufficient to them, sought to and did compromise and settle the claim, and asked for and obtained the judgments as above set out.

It may be considered by some that the possession of the powers mentioned by district attorneys and tax attorneys is unwise; but that is a matter for the Legislature, and not for the courts to determine. It may, however, be suggested that, in view of the many void or doubtful assessments found all over the state, and the inability of the taxing officers in many instances to describe large bodies of land with sufficient accuracy to form the basis of a legal assessment, it may be wise to allow the attorneys of the state the discretion to settle tax suits as was done in these cases, and thus secure with promptness revenues which might with great difficulty be otherwise collected.

It may be noticed, in this connection, that the last Legislature, by substitute for House Bill No. 58, approved March 11, 1925, has provided for the correction of inequalities in assessments and reduction of the same to equality with those on other like property, and for

the remission of the taxes on property already sold to the county to an amount for which the property can be sold, all by a proceeding in the district court, thus directly and specifically providing proceedings following out generally the practice pursued in the present cases, without the aid of the powers of the district attorneys which were exercised in the present cases.

It follows from the foregoing that the judgments of the court below were correct and should be affirmed, and the causes remanded, with directions to proceed accordingly, and it is so ordered.

BICKLEY and WATSON, JJ., concur.

## ON MOTION FOR REHEARING

PARKER, C. J. Counsel for appellant urge, in the motion for the rehearing, that the statute (section 1863, Code 1915) under which the action was taken in these cases violates section 1 of article 8 of our Constitution, which provides for equality and uniformity in taxation. He also argues that it violates section 18 of article 2 of the Constitution, which is the due process of law and equal protection of the laws provision. He also relies upon the Fourteenth Amendment of the federal Constitution to the same effect.

Reliance is had upon the case of Yick Wo v. Hopkins, 118 U. S. 356, 6 S. Ct. 1064, 30 L. Ed. 220. That case is clearly not in point here. There power was vested in the supervisors in the county and city of San Francisco to arbitrarily refuse or grant to persons a license to conduct a laundry within the city, without regard to the fitness of persons, places, and surroundings. The ordinances were necessarily held to be invalid. They were held to be invalid, not only because they provided for arbitrary action, but also because, in the practical administration thereof, it was made to appear that the supervisors employed them as a weapon to destroy the businesses of persons of the Chinese race. Not so with our statute. It provides for such action in each case, ''as may appear proper and right,'' and evidently contemplates an investiga-

tion of the facts by the tax attorneys and by the court under the provisions of section 32 of our article 4 of the Constitution. It is clear that these constitutional and statutory provisions are not open to the objections pointed out in the Yick Wo case.

Counsel also relies upon State of Nevada v. California Mining Co., 15 Nev. 234. An examination of that case discloses its inapplicability to the present situation. There the district attorney had no power of compromise of tax suits, and the courts were expressly commanded to enter judgment for the taxes due and to add 25 per cent. as penalties for nonpayment. The court indulged in some speculation as to whether, if the law had authorized the compromise of taxes, the statute would be valid, to which Hawley, J., registered a vigorous dissent.

The other cases cited have been examined and found to be inapplicable. The general trend of the argument of counsel is that to hold the statute constitutional is to sanction unequal taxation and taxation not uniform among the taxpayers. It is a misconception of the principle involved. As pointed out in our original opinion, there is no allegation of fraud, misrepresentation, or mistake on the part of the taxing officers. The question is, solely, whether the possession and exercise of this power in good faith violates constitutional guaranties. If the exercise of the power in good faith results in inequality, this is no objection to the law. Nor can objection be made to inequality, unless intentional discrimination and fraud are shown. Under this general subject see 1 Cooley on Taxation (4th Ed.) §§266 and 302.

It is sought to show that our conclusion in this case overturns some of our former decisions. We do not so conclude.

It follows that our former decision was correct, and should be adhered to; and it is so ordered.

BICKLEY and WATSON, JJ., concur.