562 P.2d 829

STATE of New Mexico ex rel. PROPER-
TY APPRAISAL DEPARTMENT,
Plaintiff-Appellee,

v.

SIERRA LIFE INSURANCE COMPANY,
Peter Chalamidas and Elizabeth Chala-
midas, Defendants-Appellants,

and

Western Skies Corporation and American
Title Insurance Company,
Intervenors-Appellants.

Nos. 10393, 11004, 10957 and 10966.

Supreme Court of New Mexico.

March 30, 1977.

Rehearing Denied April 15, 1977.

Standley, Quinn & Patterson, Fred M. Standley, Santa Fe, for Sierra Life.

Robert J. Maguire, Earl E. Hartley, Albuquerque, for Chalamidas.

Keleher & McLeod, John B. Tittmann, Charles A. Pharris, Albuquerque, for intervenors.

Toney Anaya, Atty. Gen., John C. Cook, Asst. Atty. Gen., Property Tax Dept., Santa Fe, for plaintiff-appellee.

Vance A. Mauney, Joe C. Diaz, Albuquerque, for County Assessor & Treasurer.

## OPINION

PAYNE, Justice.

This appeal involves the determination of the property tax liability of the appellants, Chalamidas and the Sierra Life Insurance Company, for the years 1971–1973.

The property that is subject to taxation in this proceeding is a 17.684 acre tract of land known as the Western Skies property. In 1967, 5.56 acres of the property was erroneously assessed to a Mr. W. T. Kelly. Mr. Kelly never owned any interest in the property and informed both the County Treasurer and the County Assessor of the error. The Assessor corrected the error but the County Treasurer's office failed to correct its records and failed to show payment of the 1967 taxes. On August 16, 1971, the Treasurer executed and delivered to the State of New Mexico a tax deed for the erroneously assessed 5.56 acres. This error was compounded when the entire 17.684 acres of the Western Skies property appeared on the official 1971 tax roll of Bernalillo County as property of the State of New Mexico. On June 14th of the same year Sierra, the first of the appellants to own the property, sold it to Chalamidas.

During 1972 and through June 16, 1973, the property continued to be carried on the official tax rolls as the property of the State of New Mexico. The property was not declared and no taxes were assessed or paid. Early in 1973, a title search was conducted as part of a proposed sale of the property and the errors were discovered. These discrepancies were brought to the attention of the State Attorney General by the appellants, and on June 21, 1973, the State deeded the 5.56 acre tract to Chalamidas.

The complaint in this action was filed on September 7, 1973, by the Property Appraisal Department which was represented by the Attorney General. It sought to collect any delinquent taxes and correct assessment errors pursuant to § 72–7–26 [1] and § 72–7–27 [2] N.M.S.A.1953. A stipulated judgment was entered the same day ordering the appellants to pay delinquent taxes in the amount of $530.60. The judgment further decreed that the State of New Mexico had no interest in the subject property and that the ad valorem taxes on the property were current through June 21, 1973, except for the $530.60. There was no appeal from this judgment.

Approximately fourteen months later the district court reopened the case on its own motion. The Property Appraisal Department (this time represented by a court-designated attorney and a deputy attorney general) was allowed to file a motion to vacate and set aside the judgment that had been previously entered. This motion was

---

1. Ch. 154, § 1, [1957] N.M. Laws 240 (Repealed as of January 1, 1975).

2. Ch. 6, § 2, [1929 (S. S.)] N.M. Laws 14 (Repealed as of January 1, 1975).

made under N.M.R.Civ.P. 60(b)(4) and (6),[3] asserting that the judgment was void and that justice required relief. The district court set the judgment aside on two grounds: (1) lack of indispensable parties (the County Assessor and the County Treasurer), and (2) lack of jurisdiction by the district court to cancel or forgive ad valorem taxes. On October 1, 1975 the court entered its order joining as parties plaintiff the Bernalillo County Assessor and the Bernalillo County Treasurer. Western Skies Corporation, which had purchased the property from Chalamidas in 1974, and the American Title Insurance Company, which had issued a title policy acting in reliance on the earlier judgment, were allowed to intervene. At the trial on the merits, Chalamidas and Sierra were found liable for payment of taxes in the amounts of $139,023.26 and $79,217.50 respectively. Appellants assert that the original decree entered on September 7, 1973, was valid and that the trial court erred in setting it aside.

Under the statutes as they existed in 1973, the State Tax Commission (now known as the Property Appraisal Department) had authority to: (A) " * * * exercise general supervision over the administration of the assessment and tax laws of the state, over boards of equalization and all officers having power of levy and assessment, * * *." § 72–6–12(1), N.M.S.A. 1953 [4], (B) "Advise and assist the attorney general and the district attorneys in the commencement and prosecution of actions and proceedings in respect to the assessment of property and the collection of taxes * * *.", § 72–6–12(3), N.M.S.A.1953 [5], (C) file a petition in the district court for the county in which erroneous assessments have been made, " * * * praying for a correction thereof * * *.", § 72–7–27, N.M.S.A.1953, and (D) file petitions in district court seeking to void any double assessments or to make corrections where " * * property has been erroneously described or assessed, * * *." § 72–7–28, N.M.S.A. 1953 [6].

▆ Nowhere do the statutes provide that the County Assessor or the County Treasurer must be made parties to effect the corrections of errors and assessments, or in assessing property that has been omitted from the tax rolls, or in collecting back taxes that might have accrued through errors or inadvertence in the assessment or taxing procedures. To the contrary, the State Tax Commission had full authority to take the necessary steps in representing the State of New Mexico as well as any county authorities that would be affected. The Assessor and the Treasurer were not, therefore, indispensable parties to the relief sought in the original lawsuit brought by the Property Appraisal Department through the Attorney General of the State of New Mexico.

The statutes of the State of New Mexico as they existed in 1973 gave the district court the power to: (A) " * * * order the correction of errors or inequalities in any assessment, or levy appearing upon any tax roll, * * *." § 72–7–26, N.M.S.A. 1953, (B) make orders canceling erroneous assessments and canceling any tax liens or tax sale certificates that may have been issued against property and " * * * authorize and empower the treasurer to reassess the property correctly * * *." § 72–7–28, N.M.S.A.1953, and (C) " * * * order the state tax commission to reassess the property so erroneously assessed * * *." § 72–7–27, N.M.S.A.1953.

Taxes were not forgiven nor cancelled by the court in the original order entered in this matter. Because of the errors there had been no assessments made nor taxes charged to the property. The original decree of the district court was not to cancel or forgive taxes, but to correct assessment errors, order reassessment and to enforce the payment of delinquent taxes in the amount of $530.60.

---

3. § 21–1–1(60)(b)(4) and (6), N.M.S.A.1953.

4. Ch. 208, § 6, [1947] N.M. Laws 467 (Repealed as of January 1, 1975).

5. Id.

6. Ch. 125, § 2, [1935] N.M. Laws 307 (Repealed as of January 1, 1975).

■ The evidentiary presentation at the rehearing, after the original order had been set aside, indicated that the subject property should have been assessed at a higher rate and should have been subject to a much higher ad valorem taxation than $530.60. In the original proceedings the Property Appraisal Department had been represented by the Attorney General, who entered into the negotiations with the property owners and Bernalillo County. The original judgment was stipulated and agreed to at that time. The Attorney General had the authority to compromise the claims and enter into the settlement in behalf of the Property Appraisal Department. Section 17–1–15, N.M.S.A.1953, reads as follows:

> The attorney general * * * when any civil proceedings may be pending in * * * the district court, in which the state or any county may be a party, * * shall have power to compromise or settle said suit or proceedings, or grant a release or enter satisfaction in whole or in part, of any claim or judgment in the name of the state or county, or dismiss the same, or take any other steps or proceedings therein which to him may appear proper and right; and all such civil suits and proceedings shall be entirely under the management and control of the said attorney general * * * and all compromises, releases and satisfactions heretofore made or entered into by said officers are hereby confirmed and ratified.

■ This court has also held that when acting in accordance with his statutory responsibilities, the Attorney General's acts must be affirmed. *Lyle v. Luna*, 65 N.M. 429, 338 P.2d 1060 (1959), *State v. State Inv. Co., et al.,* 30 N.M. 491, 239 P. 741 (1925). Absent a showing of fraud or misdealing, it is not for the courts to second-guess the Attorney General in the exercise of his authority in compromising this matter. *State v. State Inv. Co. et al.,* supra. No fraud or misdealing was proved.

■ The district court correctly held that a property owner has an affirmative duty to declare his property pursuant to § 72–2–1 [7] and § 72–2–10.1 [8], N.M.S.A., and that appellants had failed in that duty. The failure of the property owner to declare the property as required by statute, however, could have been raised by the Property Appraisal Department at the original proceeding. The Property Appraisal Department was a party and the named plaintiff in the original proceeding. Any omissions or failures of the Property Appraisal Department to assert claims in the original proceedings are not now grounds for setting aside the judgment. *Miller v. Miller,* 83 N.M. 230, 490 P.2d 672 (1971), *Ealy v. McGahen,* 37 N.M. 246, 21 P.2d 84 (1933).

■ After the original proceeding the appellees delayed in trying to remedy or rectify the inconsistencies they now claim in that proceeding. A delay in excess of sixteen months, from the time the original decree was entered until the motion to vacate was filed, is a delay beyond the time that is reasonable for setting aside the judgment in this case.

We reverse the decision of the trial court and remand the case with instructions to reinstate the original judgment entered herein.

IT IS SO ORDERED.

EASLEY, J., and RICHARD B. TRAUB, District Judge, sitting by designation, concur.

---

7. Ch. 107, § 2, [1933] N.M. Laws 205 (Repealed as of January 1, 1975).

8. Ch. 328, § 1, [1959] N.M. Laws 1012 (Repealed as of January 1, 1975).